# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVA MARIA STANLEY, | Case No. 2:18-cv-01347-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED STATES DEPARTMENT OF STATE, | |
| Defendant. | |

Presently before the court is plaintiff Eva Maria Stanley's motion for the appointment of counsel (ECF No. 3), filed on July 25, 2018. Also before the court is plaintiff's failure to comply with the court's order (ECF No. 7) dated August 16, 2018.

**I.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests court-appointed counsel, arguing that she does not have the legal knowledge necessary to prosecute her case. Generally, civil litigants do not have a right to court-appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Federal courts may appoint counsel in civil actions when the litigant is indigent under 28 U.S.C. § 1915(e)(1) and has demonstrated that "exceptional circumstances" exist. *Id.* In determining whether exceptional circumstances exist, the court considers the litigant's likelihood to succeed on the merits and "[her] ability to articulate her claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Given that plaintiff paid the $400 filing fee, the court is unable to determine whether plaintiff is indigent under 28 U.S.C. §1915(e)(1). (Receipt of Payment (ECF No. 6).) Further, based on the record, the court is unable to assess plaintiff's likelihood of success on the merits. Lastly, the court finds that the issues and facts are not so complex that plaintiff is unable to present her case. Plaintiff's complaint and court filings indicate an ability to articulate her claims pro se. Therefore, the court will deny plaintiff's motion for the appointment of counsel.

//

## II. FAILURE TO COMPLY WITH THE COURT'S ORDER

On August 2, 2018, and on August 16, 2018, this court ordered plaintiff to file a redacted copy of her complaint due to the number of personal identifiers contained in the complaint. (Order Denying Application (ECF No. 5); Order (ECF No. 7).) Plaintiff was to file the redacted complaint for the public record by September 4, 2018. (Order (ECF No. 7).) Plaintiff did not comply with the court's order and informed the court that she did not intend to delete information in her complaint. (Notice (ECF No. 8).)

Plaintiff is advised that under Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule IC 6-1, parties should partially redact personal-data identifiers from court filings. Personal-identifiers include social security numbers, names of minor children, dates of birth, financial account numbers, home addresses, and tax identification numbers. LR IC 6-1(a). Further, the parties are solely responsible for redacting such personal identifiers. LR IC 6-1(c).

Here, plaintiff's complaint has exhibits that contain multiple personal identifiers, including dates of birth, social security numbers, and home addresses. Pursuant to the Local Rules and the Federal Rules of Civil Procedure, such personal information should be partially redacted from court filings. *See* Fed. R. Civ. Pro. 5.2; LR IC 6-1. The court orders plaintiff to file a redacted version of her complaint in order to prevent the use of such personal identifiers for an improper purpose. The unredacted version of the complaint will remain on the docket under seal. Plaintiff is advised that failure to comply with this order will result in the issuance of an order to show cause.

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff must file a redacted version of her complaint (ECF No. 1-1) by December 3, 2018.

DATED: October 30, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE